UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
————————————————————————X

THE ANNUITY, WELFARE AND APPRENTICESHIP
SKILL IMPROVEMENT & SAFETY FUNDS OF THE
INTERNATIONAL UNION OF OPERATING ENGINEERS
LOCAL 15, 15A, 15C & 15D, AFL-CIO, BY THEIR                    **COMPLAINT**
TRUSTEES JAMES T. CALLAHAN, THOMAS A.
CALLAHAN, MICHAEL SALGO and WILLIAM TYSON,                    CV-20-01622
CENTRAL PENSION FUND OF THE INTERNATIONAL
UNION OF OPERATING ENGINEERS, BY ITS CHIEF
EXECUTIVE OFFICER MICHAEL A. CRABTREE, and
INTERNATIONAL UNION OF OPERATING ENGINEERS
LOCAL 15, 15A, 15C & 15D, AFL-CIO BY ITS PRESIDENT
& BUSINESS MANAGER THOMAS A. CALLAHAN,

Plaintiffs,

-against-

SKANSKA-KIEWIT-ECCO III, A JOINT VENTURE, SKANSKA
USA CIVIL NORTHEAST, INC., KIEWIT INFRASTRUCTURE
CO. and E.C.C.O. III ENTERPRISES, INC.,

Defendants.
————————————————————————X

Plaintiffs THE ANNUITY, WELFARE AND APPRENTICESHIP SKILL

IMPROVEMENT & SAFETY FUNDS OF THE INTERNATIONAL UNION OF OPERATING

ENGINEERS LOCAL 15, 15A, 15C & 15D, AFL-CIO ("LOCAL 15 TRUST FUNDS"),

CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING

ENGINEERS ("CPF") and INTERNATIONAL UNION OF OPERATING ENGINEERS

LOCAL 15, 15A, 15C & 15D, AFL-CIO ("LOCAL 15"), by their attorneys, BRADY McGUIRE

& STEINBERG, P.C., for their Complaint, respectfully allege:

1.      This is an action arising under the Employee Retirement Income Security Act of

1974 ("ERISA"), as amended, 29 U.S.C. § 1001 *et seq.* and Section 301 of the Labor

Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, to recover fringe

benefit contributions owed to employee fringe benefit trust funds and supplemental union dues

and political action committee payments owed to a labor organization based upon the breach of

the terms and conditions of a collective bargaining agreement by Defendants

SKANSKA-KIEWIT-ECCO III, A JOINT VENTURE ("JOINT VENTURE"), SKANSKA USA

CIVIL NORTHEAST, INC. ("SKANSKA USA"), KIEWIT INFRASTRUCTURE CO.

("KIEWIT") and E.C.C.O. III ENTERPRISES, INC. ("E.C.C.O. III").

### JURISDICTION & VENUE

2.      The subject matter jurisdiction of this Court is invoked pursuant to Sections 502

and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, along with Section 301(c) of the LMRA, 29

U.S.C. § 185(c).

3.      Venue is properly laid in the Eastern District of New York pursuant to Section

502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) and Section 301(a) of the LMRA, 29 U.S.C. §

185(a), in that, Plaintiff Trust Funds are administered from an office, and Plaintiff LOCAL 15

maintains its principal office, both at 44-40 11th Street located in Long Island City, County of

Queens, State of New York.

### THE PARTIES

4.      Plaintiffs LOCAL 15 TRUST FUNDS are joint trustee funds established by

various trust indentures pursuant to Section 302 of the LMRA, 29 U.S.C. § 186.

5.      Plaintiffs JAMES T. CALLAHAN, THOMAS A. CALLAHAN, MICHAEL

SALGO and WILLIAM TYSON are Trustees of Plaintiffs LOCAL 15 TRUST FUNDS and are

"fiduciaries" within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

6.      Plaintiff LOCAL 15 ANNUITY FUND is an employee pension benefit plan within the meaning of Section 3(2) of ERISA, as amended, 29 U.S.C. § 1002(2) and established for the purpose of providing retirement income to eligible participants.

7.      Plaintiffs LOCAL 15 WELFARE FUND and LOCAL 15 APPRENTICESHIP SKILL IMPROVEMENT & SAFETY FUND are employee welfare benefit plans within the meaning of Section 3(1) of ERISA, 29 U.S.C. § 1002(1) and established for the purpose of providing medical, medical reimbursement, vacation and other benefits to eligible participants.

8.      Plaintiff LOCAL 15 TRUST FUNDS constitute multi-employer/employee benefit plans within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and (37).

9.      Plaintiff CPF is a joint trustee fund established by a trust indenture pursuant to Section 302 of the LMRA, 29 U.S.C. § 186 which maintains its principal place of business at 4115 Chesapeake Street, N.W., Washington, DC.

10.     Plaintiff MICHAEL A. CRABTREE is the Chief Executive Officer of Plaintiff CPF and is a "fiduciary" within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

11.     Plaintiff CPF is an employee pension benefit plan within the meaning of Section 3(2) of ERISA, as amended, 29 U.S.C. § 1002(2) and established for the purpose of providing retirement income to eligible participants.

12.     Plaintiff CPF constitutes a multi-employer/employee benefit plan within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and (37).

13.     Plaintiff LOCAL 15 is a labor organization as defined in Section 2 of the LMRA, 29 U.S.C. § 152.

14.     Plaintiff THOMAS A. CALLAHAN is the President & Business Manager of Plaintiff LOCAL 15.

15.     Upon information and belief, Defendant JOINT VENTURE was and still is a New York corporation with its principal place of business located at 75-20 Astoria Boulevard, Suite 200, East Elmhurst, New York.

16.     Upon information and belief, Defendant JOINT VENTURE was and still is a foreign corporation duly licensed to do business in the State of New York.

17.     Upon information and belief, Defendant JOINT VENTURE was and still is a foreign corporation doing business in the State of New York.

18.     Upon information and belief, Defendant SKANSKA USA was and still is a New York corporation with its principal place of business located at 75-20 Astoria Boulevard, Suite 200, East Elmhurst, New York.

19.     Upon information and belief, Defendant SKANSKA USA was and still is a foreign corporation duly licensed to do business in the State of New York.

20.     Upon information and belief, Defendant SKANSKA USA was and still is a foreign corporation doing business in the State of New York.

21.     Upon information and belief, Defendant KIEWIT was and still is a New York corporation with its principal place of business located at 470 Chestnut Ridge Road, 2nd Floor, Woodcliff Lake, New Jersey.

22.     Upon information and belief, Defendant KIEWIT was and still is a foreign corporation duly licensed to do business in the State of New York.

23.     Upon information and belief, Defendant KIEWIT was and still is a foreign corporation doing business in the State of New York.

24.     Upon information and belief, Defendant E.C.C.O. III was and still is a New York corporation with its principal place of business located at 201 Saw Mill River Road, Yonkers, New York.

25.     Upon information and belief, Defendant E.C.C.O. III was and still is a foreign corporation duly licensed to do business in the State of New York.

26.     Upon information and belief, Defendant E.C.C.O. III was and still is a foreign corporation doing business in the State of New York.

27.     Upon information and belief, Defendants SKANSKA USA, KIEWIT and E.C.C.O. III entered into a Joint Venture Agreement whereby Defendant JOINT VENTURE was established for the purpose of undertaking certain economic activity in the New York City heavy construction industry.

28.     Upon information and belief, Defendants SKANSKA USA, KIEWIT and E.C.C.O. III are partners in Defendant JOINT VENTURE.

29.     Upon information and belief, Defendant SKANSKA USA is the managing partner of Defendant JOINT VENTURE and primarily responsible for the supervision over the performance of the construction project contracts obtained through the Joint Venture, providing for project personnel, maintaining bank accounts and accounting records, obtaining bonding and insurance, and paying wages and fringe benefit contributions.

30.     Upon information and belief, Defendants SKANSKA USA, KIEWIT and E.C.C.O. III are jointly and severally liable for the activities of Defendant JOINT VENTURE.

31.     Upon information and belief, Defendants JOINT VENTURE, SKANSKA USA, KIEWIT and E.C.C.O. III are employers within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5) and Section 301 of the LMRA, 29 U.S.C. § 185.

## BACKGROUND INFORMATION

32.     At all times relevant hereto, Plaintiff LOCAL 15 and Defendant JOINT VENTURE have been parties to a collective bargaining agreement entitled the "G.C.A. - Heavy Construction, Excavation, Dockbuilding and Foundation Work, Building Foundation Work, Paving and Road Building Work, Utility Work, Tunnel Work - Operating Engineers Locals 14-14B & 15-15A" due to said Defendant's status as a member of the General Contractors Association of New York, Inc. (hereafter referred to as the "Collective Bargaining Agreement") and said Defendant has agreed to be bound by the terms and conditions thereof.

33.     Pursuant to the terms of the Collective Bargaining Agreement, Defendant JOINT VENTURE is obligated to remit, at specified rates, contributions to Plaintiffs LOCAL 15 TRUST FUNDS and Plaintiff CPF based upon each straight and overtime hour of worked performed by those employees covered by the Collective Bargaining Agreement.

34.     Pursuant to the terms of the Collective Bargaining Agreement, Defendant JOINT VENTURE is obligated to remit, at specified rates, employee allocated supplemental union dues and political action committee payments to Plaintiff LOCAL 15 based upon each straight and overtime hour of work performed by those employees covered by the Collective Bargaining Agreement.

## AS AND FOR A FIRST CAUSE OF ACTION
## (BREACH OF COLLECTIVE BARGAINING AGREEMENT)

35.     Plaintiffs repeat and reallege each and every paragraph of the Complaint

numbered 1 through 34 inclusive with the same force and effect as though more fully set forth at

length herein.

36.     In accordance with the Collective Bargaining Agreement and the Trust

Agreements establishing Plaintiffs LOCAL 15 TRUST FUNDS, Defendant JOINT VENTURE

consented to the performance of an audit of its books and records to determine whether said

Defendant had made all of the required fringe benefit contribution payments to Plaintiffs

LOCAL 15 TRUST FUNDS and Plaintiff CPF as well as all supplemental union dues and

political action committee payments to Plaintiff LOCAL 15 in accordance with the Collective

Bargaining Agreement for the period of July 1, 2015 through June 30, 2019.

37.     That on or about March 3, 2020, the results of said audit were detailed by the

auditor for Plaintiffs in a report which determined that Defendant JOINT VENTURE had failed

to provide the contractually required fringe benefit contributions with interest along with the

required supplemental union dues and political action committee payments for the period of July

1, 2015 through June 30, 2019 in the amount of $33,275.01.

38.     Defendant JOINT VENTURE has failed to pay any portion of the outstanding

amount owed in fringe benefit contributions with interest to Plaintiffs LOCAL 15 TRUST

FUNDS and Plaintiff CPF in the amount of $30,912.07.

39.     Defendant JOINT VENTURE has failed to pay any portion of the outstanding

amount owed in supplemental union dues and political action committee payments to Plaintiff

LOCAL 15 in the amount of $2,362.94.

40.     Upon information and belief, Defendants SKANSKA USA, KIEWIT and

E.C.C.O. III, in their capacities as the members of the Joint Venture are liable for the failure of

Defendant JOINT VENTURE to provide the contractually required fringe benefit contributions

along with supplemental union dues and political action committee payments for the period of

July 1, 2015 through June 30, 2019 in the amount of $33,275.01.

41.     Accordingly, as a direct and proximate result of the defaults, omissions and

breaches of the Collective Bargaining Agreement by Defendants JOINT VENTURE,

SKANSKA USA, KIEWIT and E.C.C.O. III, said Defendants are jointly and severally liable to

Plaintiffs LOCAL 15 TRUST FUNDS, CPF and LOCAL 15, collectively, in the amount of

$33,275.01.

### AS AND FOR A SECOND CAUSE OF ACTION
### (BREACH OF ERISA OBLIGATIONS)

42.     Plaintiffs repeat and reallege each and every paragraph of the Complaint

numbered 1 through 41 inclusive with the same force and effect as though more fully set forth at

length herein.

43.     The failure of Defendant JOINT VENTURE to make the required fringe benefit

contribution payments to Plaintiffs LOCAL 15 TRUST FUNDS and Plaintiff CPF for the period

audited of July 1, 2015 through June 30, 2019 in the amount of $30,912.07 is a violation of

Section 515 of ERISA, 29 U.S.C. § 1145 which requires that employers pay fringe benefit

contributions in accordance with the terms and conditions of the applicable collective bargaining

agreement.

44.     Upon information and belief, Defendants SKANSKA USA, KIEWIT and

E.C.C.O. III in their capacities as the members of the Joint Venture are liable for the failure of

Defendant JOINT VENTURE to remit payment of fringe benefit contributions to Plaintiffs

LOCAL 15 TRUST FUNDS and Plaintiff CPF in the amount of $30,912.07 for the period

audited of July 1, 2015 through June 30, 2019 pursuant to Section 515 of ERISA, 29 U.S.C. §

1145.

45.     Defendants JOINT VENTURE, SKANSKA USA, KIEWIT and E.C.C.O. III

remain delinquent in making the proper contribution payments and have failed to pay any portion

of the outstanding contributions owed to Plaintiffs LOCAL 15 TRUST FUNDS and Plaintiff

CPF as detailed above.

46.     Section 502 of ERISA, 29 U.S.C. § 1132 provides that upon a finding of an

employer's violation of Section 515 of ERISA, 29 U.S.C. § 1145, the Court shall award to the

Plaintiff Trust Funds: (a) the amount owed in unpaid fringe benefit contributions; together with

(b) interest on the unpaid contributions computed at the rate provided for under the Plaintiff

Trust Fund's Plan, or if none, at the rate set forth in the United States Internal Revenue Code at

26 U.S.C. § 6621; (c) statutory damages; (d) reasonable attorneys' fees; (e) auditor's fees, if any;

and (f) the costs and disbursements of the action.

47.     Accordingly, as a direct and proximate result of the breach of the Collective

Bargaining Agreement by Defendants JOINT VENTURE, SKANSKA USA, KIEWIT and

E.C.C.O. III and as a result thereof having violated Section 515 of ERISA, 29 U.S.C. § 1145,

said Defendants are jointly and severally liable to Plaintiffs LOCAL 15 TRUST FUNDS and

Plaintiff CPF in the amount of $30,912.07, together with accumulated interest on the unpaid

and/or untimely paid principal amount due and owing, liquidated damages, reasonable attorneys'

fees as well as the costs and disbursements incurred in this action pursuant to Section 502 of

ERISA, 29 U.S.C. § 1132.

      **WHEREFORE**, Plaintiffs THE ANNUITY, WELFARE AND APPRENTICESHIP

SKILL IMPROVEMENT & SAFETY FUNDS OF THE INTERNATIONAL UNION OF

OPERATING ENGINEERS LOCAL 15, 15A, 15C & 15D, AFL-CIO, CENTRAL PENSION

FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS and

INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 15, 15A, 15C & 15D,

AFL-CIO demand judgment on the First Cause of Action as against Defendants

SKANSKA-KIEWIT-ECCO III, A JOINT VENTURE, SKANSKA USA CIVIL NORTHEAST,

INC., KIEWIT INFRASTRUCTURE CO. and E.C.C.O. III ENTERPRISES, INC., jointly and

severally, in the amount of fringe benefit contributions with interest along with supplemental

union dues and political action committee payments due and owing totaling $33,275.01, together

with prejudgment interest thereon.

      **WHEREFORE**, Plaintiffs THE ANNUITY, WELFARE AND APPRENTICESHIP

SKILL IMPROVEMENT & SAFETY FUNDS OF THE INTERNATIONAL UNION OF

OPERATING ENGINEERS LOCAL 15, 15A, 15C & 15D, AFL-CIO and CENTRAL

PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS

demand judgment on the Second Cause of Action as against Defendants

SKANSKA-KIEWIT-ECCO III, A JOINT VENTURE, SKANSKA USA CIVIL NORTHEAST,

INC., KIEWIT INFRASTRUCTURE CO. and E.C.C.O. III ENTERPRISES, INC., jointly and

severally, in the amount of fringe benefit contributions with interest due and owing totaling

$30,912.07, together with:

1. Prejudgment interest, computed at the plan rate or the applicable United States Treasury rate from the date on which the first payment was due on the total amount owed by the Defendants, in accordance with Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B);

2. Liquidated damages in accordance with Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C);

3. Attorneys' fees, auditor's fees, if any, costs and disbursements in accordance with Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D); and

4. Such other and further relief as the Court may deem just and proper in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E).

Dated:  Tarrytown, New York
         March 31, 2020

                              Respectfully submitted,

                              BRADY McGUIRE & STEINBERG, P.C.

          By:    /s/ James M. Steinberg
                 _____
                 James M. Steinberg, Esq.
                 Attorneys for Plaintiffs
                 303 South Broadway, Suite 234
                 Tarrytown, New York 10591
                 (914) 478-4293
                 james@bradymcguiresteinberg.com